IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,408-03 & -04






EX PARTE ROBERT KEITH BROOKS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. A-33437 & A-33438 IN THE 70TH DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated assault and sentenced to thirty years' imprisonment on each count. The Eleventh Court
of Appeals dismissed his appeals. Brooks v. State, Nos. 11-09-00121-CR & 11-09-00122-CR (Tex.
App.-Eastland Nov. 19, 2009, no pet.). 

 Applicant contends that he was deprived of the opportunity to review the reporter's record
and file a pro se brief in response to appellate counsel's Anders brief. In support of this claim, he
contends that not until December 2009 did he receive appellate counsel's October 8, 2009 letter
advising him of his right to request a copy of the reporter's record and file a pro se brief. Applicant
has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall determine from the mail logs
at the Fort Stockton and Dalhart Units of the Texas Department of Criminal Justice when Applicant
received appellate counsel's October 8 letter. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to
meaningful appeals because he was deprived of the opportunity to timely request a copy of the
reporter's record and file a pro se brief. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 15, 2011

Do not publish